# IN THE SUPREME COURT OF THE STATE OF NEVADA

CHARLES MATTHEW WIRTH,
Appellant,
vs.
BRIAN WILLIAMS, WARDEN,
Respondent.

No. 72663

FILED

NOV 03 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER VACATING AND REMANDING*

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Eighth Judicial District Court, Clark County; Linda Marie Bell, Judge.

Appellant Charles Matthew Wirth argues that the credits he has earned pursuant to NRS 209.4465 must be applied to his parole eligibility as provided in NRS 209.4465(7)(b) (1997). In rejecting Wirth's claim, the district court did not have the benefit of our recent decision in *Williams v. State,* 133 Nev., Adv. Op. 75, ___ P.3d ___ (2017).[1] There, we held that credits apply to parole eligibility as provided in NRS 209.4465(7)(b) (1997) where the offender was sentenced pursuant to a statute that requires a minimum term of not less than a set number of years but does not expressly mention parole eligibility. It is unclear whether Wirth is serving a sentence pursuant to such a statute for an offense committed on or between July 17, 1997, and June 30, 2007.

The district court's order indicates that Wirth was convicted of open or gross lewdness and attempted sexual assault based on conduct that

---

[1]Having considered Wirth's pro se brief and given our decision in *Williams,* we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

SUPREME COURT
OF
NEVADA

(O) 1947A

17-37783

occurred in December 2006 and January 2007.[2] *See also Wirth v. State*, Docket No. 60323 (Order of Affirmance, November 15, 2012) (summarizing convictions on direct appeal from judgment of conviction). It is unclear which of those sentences Wirth is serving at this time, but the relevant sentencing statutes, NRS 193.130(2)(d) and NRS 193.330(1)(a)(1), do not mention parole eligibility. Thus, Wirth would be entitled to relief regardless of which sentence he is serving, provided that he has not yet appeared before the parole board on that sentence.[3] *Williams*, 133 Nev., Adv. Op. at 5-10, 10 n.7. Because the district court did not have the benefit of our decision in *Williams* and we cannot determine from the record whether the district court nonetheless reached the correct result because Wirth has already appeared before the parole board on the sentence that he is serving, we

ORDER the judgment of the district court VACATED AND REMAND this matter for the district court to reconsider its decision in light of *Williams*.



_____, J.
Hardesty

_____, J.          _____, J.
Parraguirre                                              Stiglich

---

[2]As indicated in *Williams*, the 2007 amendments to NRS 209.4465 do not apply in this case based on the date the offenses were committed. *Williams*, 133 Nev., Adv. Op. at 2 n.1.

[3]No relief can be granted on any sentences that Wirth has already discharged. *Williams*, 133 Nev., Adv. Op. 75 at 10 n.7.

SUPREME COURT
OF
NEVADA


(O) 1947A

cc:    Hon. Linda Marie Bell, District Judge
Charles Matthew Wirth
Attorney General/Carson City
Attorney General/Las Vegas
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A